IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WALLACE RAYMOND MCCULLOUGH, | ) ) ) | |
| Petitioner, | ) ) | 8:17CV487 |
| v. | ) ) | |
| STATE OF NEBRASKA, and DAN BRYAN, Judge, | ) ) ) | MEMORANDUM AND ORDER |
| Respondents. | ) ) ) | |

This is case is before me for initial review. Petitioner has filed a habeas corpus petition. He challenges a state district judge's order holding him in contempt of court for failure to abide by that court's orders in a divorce matter that involve alleged noncompliance with a child support order and alleged noncompliance with a property settlement order.

Petitioner alleges that he has been sentenced to one year and six months in jail for contempt of court. However, from his petition it appears that he has not been taken into custody. Moreover, Petitioner alleges that the matter is now pending in the Nebraska Supreme Court and he is correct. *See Wallace McCullough v. Michelle McCullough*, A 17-0037 (Supreme Court of Nebraska).[1] The matter is set for argument in that court's February 2018 term.

---

[1] The records of the Nebraska courts are electronically available to this court by special arrangement with the Nebraska judicial system. I take judicial notice of those records regarding this case as I am allowed do under Fed. R. Evid. 201(b) and otherwise.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court recognized the "longstanding public policy against federal court interference with state court proceedings[.]" *Id.* at 43. Under what has become known as "the *Younger* abstention doctrine, federal courts may not, absent extraordinary circumstances, stay or enjoin pending state criminal proceedings." *Roberts v. Dicarlo*, 296 F. Supp. 2d 1182, 1185 (C.D. Cal. 2003) (applying *Younger* in a habeas case and dismissing without prejudice). *See also Wilson v. Gastelo*, No. CV1701774, WL 2436022, at *2 (C.D. Cal. May 15, 2017), report and recommendation adopted, No. CV1701774, 017 WL 2432553 (C.D. Cal. June 1, 2017) (same).

"*Younger* abstention is required if the state proceedings are (1) ongoing; (2) implicate important state interests; and (3) afford the plaintiff an adequate opportunity to raise the federal issue." *Roberts*, 296 F. Supp. 2nd at 1185. Such is the case here.

I realize that abstention may be inappropriate in extraordinary circumstances but none are evident here. Petitioner worries that if a warrant is executed he will lose his job as a police officer. Among other things, given that that the petition alleges and Petitioner thus admits that the state district court provided Petitioner with two "purge plans", given that this matter has been pending for a long time before the Nebraska courts and Petitioner remains free, and given that the Nebraska Supreme Court took this case from the Nebraska Court of Appeals thus assuring extremely careful review by Nebraska's highest court, I am not persuaded that the Petitioner's concern presents an extraordinary circumstance.

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that the petition (filing no. 1) is dismissed without prejudice. No certificate of appealability has been or will be issued. A separate judgment will be issued.

DATED this 27th day of December, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge